JAMES WENDT
Law Offices of James Alan Wendt
425 G Street, Suite 610
Anchorage, Alaska 99501
(907) 258-9100

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:10-cr-00060(RRB) |
| vs. ) | |
| ) | |
| NADIA PIROSKA MARIA ROCKWOOD ) | |
| ) | **DEFENDANT** |
| ) | **NADIA ROCKWOOD'S** |
| Defendant. ) | **SENTENCING MEMORANDUM** |
| _____) | |

COMES NOW, Defendant, Nadia Rockwood, by and through counsel, James Wendt, and sets forth factors of which the court should be aware prior to imposing a sentence that is sufficient but not greater than necessary as set forth in U.S.C. 3553(a)[1].

---

[1]U.S.C. 3553 (a) states in pertinent part:
(a) Factors To Be Considered in Imposing a Sentence**.—** The court shall impose a sentence sufficient, **but not greater than necessary**, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
….
(2) the need for the sentence imposed—
(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;

United States v. Nadia Rockwood
Defendant's Sentencing Memorandum
3:10-cr-00060 (RRB)
Page 1 of 11

On July 23, 2010 Nadia Rockwood pleaded guilty, pursuant to a written Plea Agreement under Federal Rule of Criminal Procedure 11(c)(1)(C) to one count of an Information charging her with one count of making a false statement to FBI agents in violation of 18 U.S.C. 1001(a)(2). The charge arose from an interview with FBI agents on May 19, 2010 during which Mrs. Rockwood made a misleading statement regarding the delivery of an envelope to a law enforcement office that contained, among other things, a list of names prepared by her husband of individuals who her husband believed had committed crimes against innocent Muslims and who had escaped punishment.

This memorandum will be in two parts. The first part will address objections to the pre-sentence report. The second part will address the factors that support a probationary sentence. These factors include the circumstances of the offense and characteristics of Mrs. Rockwood that she has manifested in her life with others

## I. OBJECTIONS TO THE PRE-SENTENCE REPORT

The defense is mindful of the time constraints placed upon probation in preparing the Presentence Report and is grateful for the swift and efficient report. The defense objects to the following portions of the presentence report:

---

(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]

(emphasis added)

United States v. Nadia Rockwood
Defendant's Sentencing Memorandum
3:10-cr-00060 (RRB)
Page 2 of 11

1) the "Offense Conduct" section that is almost exclusively devoted to conduct in which the defendant had no part and no knowledge (Paragraphs 6 through 37);

2) the assessment that the defendant is a risk of danger to the community (paragraph 97);

3) any finding that the names on a list were victims of defendant (paragraph 38);

and

4) the recommendation that a condition of probation require the defendant to obtain prior approval of the Court prior to reentering the United States.

**Offense Conduct Section of the Pre Sentence Report**

The defense objects to the all but paragraphs 5, 8, 29, 34, 35 and 36 of the Offense Conduct section of the PSR and asks that the other paragraphs be stricken from the report. The bases for Defendant's objections are as follows:

1) Neither the defendant nor her counsel has been provided the investigative material supplied to the Presentence Report Writer. The defendant has a due process right to access to the information that is used by the court in fashioning an appropriate sentence though this has been denied her. The reference to conversations, meetings and acts that she was not part of, and has not been afforded a review of the evidence regarding, is unfair and a denial of the

defendant's right to due process. The defendant is not asking for an evidentiary hearing on the factual allegations in the offense conduct section of the PSR though she has a right to do so. Nadia Rockwood asks that the bulk of the allegations be deleted from her PSR as a denial of her right to be advised of the evidence of any bad conduct on her part.

2) The allegations in the portions of the offense conduct section of the PSR to which the defendant objects have absolutely nothing to do with her and deal exclusively with acts of her husband – acts which the defendant was neither a part nor was she aware. Nadia Rockwood asks that these allegations be deleted as wholly irrelevant to her or to any offense she is accused of.

3) Many of the allegations in the offense conduct section of the PSR establish that Paul Rockwood is not an accurate historian but rather that he was involved a fantasy life that had little bearing on reality. They do not support an inference of involvement by his wife. The defendant asks that the court consider her Sentencing Memorandum Supplement and order the objected paragraphs deleted.

**Assessment that the Defendant is a Risk of Danger to the Community**

Nadia Rockwood objects to any assessment that she is a danger to the community. She has devoted a significant portion of her life to enhancing the quality of life to the King Salmon Community. Her extensive community involvement is a matter of public record. Would a terrorist sing Christian hymns in a church? Nadia Rockwood has pled to making a

false statement to a federal agent.  That is all.  She is not a terrorist and there is a dearth of evidence linking her to any anti-social activity.  On the contrary, she has promoted the health of the community and more specifically the children of the community.  She should not be deemed a "danger" to anyone.

**The Reference to the Individuals on the List as Victims of Defendant**

Nadia Rockwood objects to any finding of victims in her case.  She acknowledges that informing anyone that he or she is on a "hit" list is disturbing and victimizing.  She does not minimize the angst the individuals on the list endured as a result of being so informed.  These individuals have a right to feel victimized.  However, Nadia Rockwood had nothing to do with the creating of the list, she has never seen the list, and she does not know the names on the list.  There is no evidence that she in any way was involved with the victimizing of these individuals.  She admits that she was aware of a list of people her husband thought to be guilty of crimes and she was aware of her husband's anger and his desire that they be punished.  She was not aware of any "plan" to kill or harm these people and admits only that she was aware that they were at risk of harm due to the anger her husband felt against them.

Nadia Rockwood asks that they not speak against her as she has nothing against them and had done nothing to bring them harm.  Any victim impact statements should be reserved until Paul Rockwood's sentencing.  Paul Rockwood created the list without any help or

assistance from Nadia Rockwood and he only imposed upon her to deliver the list along with other materials to a law enforcement officer while she was on a shopping trip.

**Objection to Sentencing Recommendation that Defendant Obtain Court Approval Prior to Reentering the United States.**

Nadia Rockwood objects to the recommendation that she shall not reenter the United States without prior approval of the court. Nadia Rockwood is a United States citizen. Her son is a United States citizen. Such a recommendation is tantamount to banishment or exile from the country of which she is a citizen. Banishment is a penalty that is a relic of an age gone by.[2] To the extent that this can be characterized as simply a probation requirement and not a banishment it fails to meet the test articulated by the Ninth Circuit requiring that a travel restriction implicates a significant liberty interest and as such there must be "evidence justifying the condition."[3] In the instant case there is no evidence to justify forcing a United States citizen to obtain court permission prior to reentering the United States. On the contrary, as a citizen, and as a mother of a child who is a Untied States citizen, is it important that Nadia Rockwood be permitted to travel with her child to visit the land of her child's birth.

Nadia Rockwood has no objection to a requirement that she advise her probation officer in advance of her travel plans, including a detailed itinerary as well as any address where she will stay and a phone number where she can be reached as well as a requirement that she

---

[2] 21 Am Jur 2d § 624.

United States v. Nadia Rockwood
Defendant's Sentencing Memorandum
3:10-cr-00060 (RRB)
Page 6 of 11

check with her probation officer periodically during any period of time she is present in the United States

## II. FACTORS SUPPORTING A PROBATIONARY SENTENCE

The primary directive in §3553(a) is for sentencing courts to impose a sentence sufficient, but not greater than necessary. In determining the minimally sufficient sentence, §3553(a) directs sentencing courts to consider the following factors:

> 1) the nature and circumstances of the offense and the history and characteristics of the defendant, §3553(a)(1);
> 2) the kinds of sentences available, §3553(a)(3);
> 3) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, §3553(a)(6); and
> 4) the need to provide restitution to any victims of the offense. §3553(a)(7).

Other statutory sections also give the district court direction in sentencing. Under 18 U.S.C. §3582, imposition of a term of imprisonment is subject to the following limitation: in determining whether and to what extent imprisonment is appropriate based on the §3553(a) factors, the judge is required to recogniz[e] that imprisonment is *not* an appropriate means of promoting correction and rehabilitation (emphasis added).

---

3      *United States v. Watson*, 582 F.3d 974, 983 (9th Cir. 2009)

United States v. Nadia Rockwood
Defendant's Sentencing Memorandum
3:10-cr-00060 (RRB)
Page 7 of 11

## Application of the Statutory Sentencing Factors
## to the Facts of this Case

In the present case, the following factors must be considered when determining what type and length of sentence is sufficient, but not greater than necessary, to satisfy the purposes of sentencing:

**1. The Nature and Circumstances of the Offense and the History and Characteristics of the Offender**

**(a) Nature and Circumstances of Offense**

Nadia Rockwood did not immediately admit to the federal agents that there was a list in the materials she provided to a law enforcement officer that her husband had created and that included names of individuals who were at risk of harm due to her husband's strong feelings. She did not specifically deny such a list existed. The interview began as an innocuous inquiry into the reasons for Paul Rockwood's being on a "watch list" and only very gradually evolved into a more pointed inquiry regarding her husband's involvement with a law enforcement officer that was supposedly under investigation. Nadia Rockwood acted without the benefit of aforethought when the subject of her husband's list arose and merely sought to avoid any direct mention of something that would get her husband into trouble.

Nadia Rockwood's false statement was simply to avoid a situation where she would be providing damaging statements regarding her husband to law enforcement. The nature and circumstances, if not completely innocent, are certainly understandable.

**(b) History and Characteristics of Mrs. Rockwood**

Mr. Rockwood has no history of any criminal or anti-social conduct whatsoever. Her entire life has been one of individual achievement and contribution to society.

2. **The Need for the Sentence Imposed To Promote Certain Statutory Objectives**:

**(A) to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense**

It is respectfully suggested that five years of probation will promote respect for the law and the need to cooperate with law enforcement.

**(B) to afford adequate deterrence to criminal conduct**

It is likewise respectfully suggested that five years of probation is sufficient to deter all but the most hardened criminal from making a false statement to law enforcement.

**(C) to protect the public from further crimes of the defendant**

Nadia Rockwood is a soon to be mother of two young children. She has no intent to commit any further crime. As a soon to be mother of two young children, the threat of jail is sufficient to deter her from any future crime.

**(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner**

A probationary sentence is needed to allow the defendant to obtain appropriate medical care while still being able to parent her children

3. **The Sentencing Range Established by the Sentencing Commission**

The sentencing commission allows for a probationary sentence and states the range is 0 to 6 months.

4. **The Need To Avoid Unwarranted Disparities**

There are numerous cases in which probationary sentences have been imposed for 18 U.S.C. 1001 violations as a Westlaw search reveals though most are unpublished opinions. The only disparity relevant to the instant case is the disparity between Nadia Rockwood and her husband Paul Rockwood. It is respectfully suggested that the disparity is warranted given the degree of involvement of the two parties.

## Conclusion

For the foregoing reasons, Nadia Rockwood respectfully submits that a sentence of five years probation is sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. §3553(a).

DATED at Anchorage, Alaska this 16th of August, 2010.

LAW OFFICES OF JAMES ALAN WENDT

　/s/ James Wendt
425 G Street, Suite 610
Anchorage, Alaska 99501
Telephone: (907) 258-9100
Facsimile: (907) 258-7329

Email: jawlaw@ak.net

I hereby certify that on August 16, 2010 a copy of foregoing Motion for Court Approval for Change of residence was served electronically on:

Steven Skrocki
U.S. District Attorney's office
222 W 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567

DATED at Anchorage, Alaska this 16 day of August, 2010.

LAW OFFICES OF JAMES ALAN WENDT

__/s/ James Wendt_____
Alaska Bar No. 9201001